UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____ -- Civ

| | |
|---|---|
| In re: APL/NVF Consolidated Pension Plan | ) |
| | ) |
| PENSION BENEFIT GUARANTY CORPORATION | ) |
| 1200 K Street, N.W. | ) |
| Washington, D.C. 20005 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Asset Manager, Inc. | ) |
| 3310 Lake Ridge Lane | ) |
| Weston, FL  33332 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

This action arises under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended*, 29 U.S.C. §§ 1301-1461 (2012).  Plaintiff, the Pension Benefit Guaranty Corporation ("PBGC"), files this Complaint, pursuant to 29 U.S.C. §§ 1342(a)(1) and (2), 1342(c) and 1348(a), seeking an order (a) terminating the APL/NVF Consolidated Pension Plan (the "Pension Plan"), (b) appointing PBGC as the statutory trustee of the Pension Plan, (c) establishing July 31, 2014, as the termination date for the Pension Plan, and (d) directing the defendant and any other person or entity having possession, custody or control of any records, assets or other property of the Pension Plan, to transfer, convey and deliver all such records, assets and property to PBGC.

## JURISDICTION AND VENUE

1. This Court has exclusive jurisdiction of this action pursuant to 29 U.S.C.

1

§§ 1303(e)(3) and 1342(c) and (f).

2.  Venue properly lies in this Court under 29 U.S.C. §§ 1303(e)(2) and 1342(g). Defendant Asset Manager, Inc., ("Asset Manager") is a Florida Corporation located at 3310 Lake Ridge Lane, Weston, Florida 33332, and the Pension Plan is administered there.

## PARTIES

3.  Plaintiff, PBGC, is a wholly owned United States government corporation established under 29 U.S.C. § 1302(a) to administer and enforce the defined benefit pension plan termination insurance program created by Title IV of ERISA.  When an underfunded pension plan terminates, PBGC provides the timely and uninterrupted payment of pension benefits to plan participants and their beneficiaries.  29 U.S.C. §§ 1302(a)(2), 1321, 1322.

4.  Defendant, Asset Manager, is the Plan administrator of the Pension Plan within the meaning of 29 U.S.C. §§ 1301(a)(1) and 1002(16)(A).

## THE PENSION PLAN

5.  The Pension Plan is a single-employer, defined benefit pension plan that is covered by Title IV of ERISA.  *See* 29 U.S.C. § 1321(a).

6.  As of July 31, 2014, the Pension Plan is estimated to be underfunded by approximately $38,800,000, and has unpaid minimum funding contributions of over $17,000,000.  The Pension Plan has 2,101 participants.

7.  The Estate of Victor Posner (the "Estate") is the contributing sponsor of the Pension Plan within the meaning of 29 U.S.C. § 1301(a)(13) and Asset Manager administers the Pension Plan.  The Estate owns 100% of the stock of Asset Manager.

## CAUSE OF ACTION

8.  As of July 31, 2014, the Estate was in the process of liquidating its assets. The Estate is a probate estate that holds approximately 40 entities, most of which are now defunct.

9.  PBGC is authorized by 29 U.S.C. § 1342 to commence proceedings to terminate a plan whenever PBGC determines, among other things, that a pension plan has not met the minimum funding standard required under sections 412 and 430 of the Internal Revenue Code, 29 U.S.C. § 1342(a)(1), or the pension plan will be unable to pay benefits when due, 29 U.S.C. § 1342(a)(2).

10. PBGC has determined, pursuant to 29 U.S.C. § 1342(a)(1) and (a)(2), that the Pension Plan has not met the minimum funding standard required under section 412 of the Internal Revenue Code, 29 U.S.C. § 1342(a)(1), and the Pension Plan will be unable to pay benefits when due, 29 U.S.C. § 1342(a)(2). The Pension Plan has missed over $17,000,000 in minimum required contributions and is underfunded by approximately $38,800,000. PBGC also determined that termination of the Pension Plan is necessary to protect the interests of participants and that the Pension Plan's termination date should be July 31, 2014.

11. On July 28, 2014, in accordance with 29 U.S.C. § 1342(c), PBGC issued a Notice of Determination (the "Notice") to Asset Manager, as plan administrator of the Pension Plan, notifying Asset Manager that PBGC had determined that the Pension Plan has not met the minimum funding standard required under section 412 of the Internal Revenue Code, and the Pension Plan will be unable to pay benefits when due. A copy of the Notice is attached as Exhibit 1. On July 29, 2014, PBGC also published an official press release that stated that it had determined that the Pension Plan should be terminated. *See* attached Exhibit 2.

12. PBGC requested that Asset Manager execute an agreement that would terminate the Pension Plan and appoint PBGC as trustee of the Pension Plan under 29 U.S.C. § 1342(c). To date, Asset Manager has refused to sign such agreement.

13. Pursuant to 29 U.S.C. § 1342(c), a district court may order the termination of a pension plan if necessary to protect the interests of participants, to avoid any unreasonable deterioration of the financial condition of the plan, or to avoid any unreasonable increase in liability to the PBGC insurance fund.

14. Pursuant to 29 U.S.C. § 1348(a)(4), a district court establishes the date of termination of a pension plan covered by Title IV when PBGC and the plan administrator have not agreed on a date of plan termination.

15. As of the filing of this Complaint, PBGC and the Pension Plan administrator, Asset Manager, have not agreed on a date of plan termination.

16. July 31, 2014 should be established as the date of the Pension Plan's termination pursuant to 29 U.S.C. § 1348(a)(4).  As of that date, the Pension Plan was facing imminent abandonment due to the Estate's liquidation.  Furthermore, as of that date, due to the PBGC's public notice, the Pension Plan's participants no longer had any justifiable expectations of the Pension Plan continuing.

17. Pursuant to 29 U.S.C. § 1342(c), a trustee for a pension plan shall be appointed by the court upon granting a decree of plan termination.  Further, 29 U.S.C. § 1342(b) provides that PBGC may request that it be appointed as trustee of a plan in any case.

18. The PBGC is ready, willing, and able to serve as the statutory trustee of the Pension Plan.

## REQUEST FOR RELIEF

WHEREFORE, PBGC requests that this Court grant judgment for PBGC and issue an order granting the following relief:

1. Adjudicating that the Pension Plan is terminated pursuant to 29 U.S.C. § 1342(c);

2. Appointing PBGC statutory trustee of the Pension Plan pursuant to 29 U.S.C. § 1342(c);

3. Establishing July 31, 2014, as the termination date of the Pension Plan pursuant to 29 U.S.C. § 1348(a)(4);

4. Directing Asset Manager and any other person or entity having possession, custody or control of any records, assets or other property of the Pension Plan, to transfer, convey and deliver all such records, assets, and property to PBGC as statutory trustee upon request under 29 U.S.C. § 1342(d)(1); and

5. Granting such other relief as the Court deems just and proper.

Dated: October 6, 2014                          Respectfully submitted,
       Washington, D.C.

                                                /s/ Kelly Rose Cusick
                                                ISRAEL GOLDOWITZ
                                                Chief Counsel
                                                CHARLES L. FINKE
                                                Deputy Chief Counsel
                                                JOEL W. RUDERMAN
                                                Assistant Chief Counsel
                                                KELLY ROSE CUSICK
                                                MELISSA HARCLERODE
                                                Attorneys

                                                *Attorneys for Plaintiff*
                                                PENSION BENEFIT GUARANTY
                                                CORPORATION
                                                Office of the Chief Counsel
                                                1200 K Street, N.W.

               Washington, D.C. 20005-4026
               Phone:  (202) 326-4020, ext. 6206
               Fax:  (202) 326-4112
               E-mail: cusick.kelly@pbgc.gov & efile@pbgc.gov